

IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF TEXAS SHERMAN DIVISION

Clerk, U.S. District Court
Texas Eastern

JANINE CHARBONEAU,

Plaintiff,

CIVIL ACTION NO. 4:17-
CV-00758-ALM-CAN

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.
("MERS"),
TRENT THOMPSON,
EVERGREEN HOME LOANS, DOES 1-10

Defendants.

<u>MOTION FOR AN EXTENSION OF TIME TO SERVE DEFENDANTS</u>

COMES NOW, Plaintiff, Janine Charboneau, proceeding pro se, files her
MOTION FOR AN EXTENSION OF TIME TO SERVE DEFENDANTS in
accordance to Fed. R. Civ. P. 4(m), Article 1, Section 15 of the Texas Constitution,
and the 5th and 14th Amendments of the United States Constitution.

<u>FACTS</u>

Plaintiff has not moved from her residence. She still resides at 7114 Schafer St.,
Dallas, Texas 75252 and has for multiple years. There has been no change of
address at the court because plaintiff still lives at the same address.

In January, 2018, Plaintiff's house flooded during the freeze when temperatures
went to 16 degrees. The flood cause property damage and took an extreme amount
of time for clean up.

This suit was filed on October 23rd, 2017. [Dct 1]The Magistrate claims that:

> "*on March 19th, 2018, the Court issued a Notice of Impending Dismissal giving Plaintiff until April 19th, 2018 to file a verified petition indicating that service would be effected on Defendants within thirty (30) days. [see Dkt. 6] Plaintiff did not file a verified petition, and did not otherwise respond to the Court's Order. More the 90 days have passed from when the complaint was filed. and Defendants have not been served.*"

## ARGUMENT AND AUTHORITIES

Plaintiff objects to these statements of the Honorable Magistrate and responds that she has "good cause" because she never received that Notice. Plaintiff specifically objects and states "*How can Plaintiff respond when she did not get the Notice?*"

This is against her due process and equal protection rights of the 5th and the 14th Amendments of the United States Constitution and her Texas Constitutional rights to a trial by jury.    TEX. CONST. art. I, § 15.The right of **trial by jury** shall remain inviolate.    TEX. CONST. art. I, § 15. Plaintiff states and claims that she lives with multiple other people who get mail at her residence, and she does not have total control over the mail. Further, she has had issues getting mail from a relative after it has been sent.

*Fed. R. Civ. P. 4(m)* states:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff has shown good cause and the Honorable Magistrate must follow Fed. R. Civ. P. 4(m) and extend the time for service for an appropriate period. To not do so would be unfair and unconstitutional and against the Magistrate's Oath of Office. Further, Plaintiff has a due process and equal protection right under the 5th and 14th Amendments of the United States Constitution and a right to a jury trial under Article 1, Section 15[1] of the Texas Constitution.

The Honorable Magistrates Report and Recommendation states on page 1 that " *Upon showing of good cause for the failure of service, the court must extend the time for service. Id.*

Plaintiff has shown good cause beyond inadvertence, mistake of counsel, or ignorance of the rules. *See System Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). There is no counsel, she is a *pro se* litigant, so there is no "mistake of counsel". This presents good cause, along with the fact that she never got proper notice. Plaintiff objects to the Magistrate's misspoken false accusations.

On page 2, Plaintiff objects to the Magistrate claims:

> "In this case, Plaintiff has been cautioned regarding the need for compliance with Rule 4 for the Federal Rules of Civil Procedure[Dkt 6], and the Court has given Plaintiff ample opportunity to properly serve Defendants or file a verified petition requesting more time to complete service. Plaintiff has elected to do neither."

The Magistrate cannot state in *good faith* that:

---

[1]  Article I, section 15 is a part of our Bill of Rights. See TEX. CONST. art. I, § 15. It provides in pertinent part: The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency. TEX. CONST. art. I, § 15. Article I, section 15

> *" In this case, Plaintiff has been cautioned regarding the need*
> *for compliance with Rule 4 for the Federal Rules of Civil*
> *Procedure[Dkt 6], and the Court has given Plaintiff ample*
> *opportunity to properly serve Defendants or file a verified*
> *petition requesting more time to complete service. Plaintiff has*
> *elected to do neither."*

The Magistrate may have cautioned Plaintiff for the need for compliance, but Plaintiff obviously did not receive that caution.

Plaintiff respectfully objects to the Magistrate's statement and claim that:"Plaintiff has elected to do neither" when the Magistrate has failed to present evidence that Plaintiff received such notice? The Magistrate has not shown any proof of this statement, nor does she guaranteed know that Plaintiff has even been in receipt of being "cautioned regarding the need for compliance with Rule 4."  A notice may have been sent, but the magistrate herself claimed on page 2. paragraph 2 that "Notices sent to Plaintiff from the Court have been marked"RETURN TO SENDER-UNCLAIMED-UNABLE TO FORWARD" [Dkts. 5 & 7].

By the Magistrate's own words is proof that Plaintiff did not get the notice.The Magistrate appears to be prejudiced and biased against the Plaintiff. Not a good start in a lawsuit, nor fair to Plaintiff.

Is the Magistrate's own words not proof that Plaintiff did not receive the notice? The Magistrate is a witness to her own verbiage.

Plaintiff has not moved from her residence at all. She still resides at 7114 Schafer St., Dallas, Texas 75252 and has for multiple years. There has been no change of address at the post office or at the court because plaintiff still lives at the same address. A mistake by the post office is not by the Plaintiff! Therefore, the Honorable Magistrate might consider this possibility before stating that *"the Plaintiff has elected to do neither."* This is a false statement and shows bias. Plaintiff can't elect to do neither when she never got notice and never changed her address. This is of no fault of Plaintiff.

The Honorable Magistrate needs to reconsider. This is not the first time that the Magistrate has gotten facts wrong regarding the Plaintiff. It appears that there may be more here then meets the eye.


The appearance of propriety stems from a need for unwavering confidence by the public in an unimpeachable judiciary. Ordering recusal, the Court stated "a judge faced with a potential ground for disqualification ought to consider how her participation in a given case looks to the average person on the street."

The magistrate's misstatements do not make the average person on the street have unwavering confidence in an unimpeachable judiciary.
Quite the opposite.

The Magistrate's statement on page 2 that "there is no good cause here to extend the time period for service any further." is wrong.

In January, 2018, Plaintiff's house flooded during the freeze when temperatures went to 16 degrees. The flood cause property damage and took an extreme amount of time for clean up.

In light of the lack of notice and the unusual situation of the house flooding in January, 2018, there is "good cause" for an extension.

Thus, Rule 4(m) allows the tardy plaintiff to
escape the harsh consequences of dismissal if he shows "good cause" for this delay. This statutory escape provision essentially duplicates the equitable remedy provided by equitable tolling. In Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir.1985), this court held that "good cause" under Rule 4(m) requires: at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified" is normally required. (quoting 4A Wright & Miller Federal Practice and

Procedure: Civil § 1165 at 480) (emphasis in original). Rule 4(m)'s good cause standard thus allows plaintiffs to raise substantially the same equitable arguments that they can raise under the equitable tolling doctrine. See Baldwin County, 466 U.S. at 151, 104 S.Ct. at 1725.

Under Rule 4(m), a plaintiff can resist the government's motion to dismiss for tardy service on grounds that he has "good cause" for the delay. If the district court concludes that a plaintiff has not shown good cause for failing to timely effect service and grants the government's motion to dismiss, the plaintiff can appeal the court's dismissal. The availability of this express legal remedy precludes the applicability of equitable tolling in a second suit.

PRAYER

Plaintiff respectfully requests and prays that this Honorable Magistrate finds "good cause" for an extension of time to serve the defendants in this case.

*Respectfully submitted,*

*/s/ Janine Charboneau*
*7114 Schafer St.*
*Dallas, Texas 75252*
*469-509-3783*
*chivet67@gmail.com*