
FILED
JUL 0 9 2018
Clerk, U.S. District Court
Texas Eastern

IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF TEXAS SHERMAN DIVISION

JANINE CHARBONEAU,
Plaintiff,

CIVIL ACTION NO. 4:17-CV-00758-ALM-CAN

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.
("MERS"),
TRENT THOMPSON,
EVERGREEN HOME LOANS, DOES 1-10
Defendants.

## SECOND MOTION FOR AN EXTENSION OF TIME TO SERVE DEFENDANTS

COMES NOW, Plaintiff Janine Charboneau ("Plaintiff" or "Charboneau"), files this Second Motion for an Extension Time under Federal Rule Civil Procedure 6(b) for "Excusable Neglect".

## FACTS

The Honorable Magistrate requested that the Plaintiff serve defendants by the end of June, 2018 or by July 1st, 2018. Plaintiff is a pro se litigant.

Janine Charboneau had to go out of town to help her mother who is over 90 years old due to her basement flooding. (see Exhibit A- Affidavit by Shirley A. Duskey) Plaintiff flew out on May 31st, 2018. Her plane was delayed and other occurrences happened, causing her an over 11 hour delay to get to her mom's.

On the trip back, her plane was again delayed, causing her to miss transportation to get to her car, ending up causing a 9 hour delay on June 10th and 11th, 2018.

Plaintiff then had to get a motion for rehearing filed in the Texas Supreme Court, A motion for an extension time to file her Appendix to her Motion for Rehearing, the Appendix to the motion for rehearing, an amended motion for an extension of time to file an amended appendix for the motion for rehearing, and the Amended

1/13

Appendix in the Texas Supreme Court. Every piece of evidence in the appendix and the Amended Appendix had to either be certified or have an affidavit to it so that authenticity could be proven.

She also was requested or ordered by the Texas Supreme Court to file a Motion for an Extension of Time for a Petition for Review in another case that has been pending in the Texas Supreme Court since either the end of September or the first of October, 2017. The motion is to be filed today, July 9th, 2018 with at least one affidavit.

She had to get affidavits from her physician for this. (see Exhibit B-affidavit of Dr. Michael S. Kramer, M.D.'s affidavit.)

Janine Charboneau has a medical condition called Arachnoiditis which is an inflammatory condition of the spinal canal that waxes and wanes. Stress can trigger this condition. A flare up of the Arachnoiditis is out of her control. There is a heat intolerance to this condition which has flared from the heat in June, 2018.

LAW

Federal Rule Civil Procedure 6[1]

Computing and Extending Time; time for motion papers.

(b) Extending Time.
(1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

There is good cause under Fed. R. Civ. P. 6(b)(1)(B) to grant a second extension of time for Plaintiff to serve the defendants in this case due to the flare up of Plaintiff's Arachnoiditis and the extenuating circumstances stated under FACTS in this Motion.

---

[1] https://www.law.cornell.edu/rules/frcp/rule_6

Rule 4(m) provides:
FED. R. CIV. P. 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good case for the failure, the court must extend the time for service for an appropriate period.

## ARGUMENT AND AUTHORITIES

In accordance to Fed R Civ P 6 & 4, Plaintiff has shown good cause for a second extension of time to serve defendants in this case.

Even if the plaintiff lacks good cause, the court has discretion to extend the time for service.Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 325 (5th Cir. 2008) (citing Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996)).

"When service of process is challenged, the serving party bears the burden of proving . . . good cause for failure to effect timely service."Sys. Signs Supplies v. U.S. Dep't of Justice, Wash., D.C., 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam).

"Proof of good cause requires "at least as much as would be required to show excusable neglect."Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985) (emphasis omitted).

Additionally, some "showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required."

Here, Plaintiff attaches two affidavits as evidence that explains the delay requesting an second extension of time to serve defendants in this case.

## PRAYER

Plaintiff respectfully prays that this Honorable Court grant her an extension of time to serve defendants in this case in accordance to the affidavits presented here, and the the law and case law stated above.

Respectfully submitted,

/s/ Janine Charboneau
7114 Schafer St.
Dallas, Texas 75252
469-509-3783
chivet67@gmail.com